UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY, | ) ) ) | |
| Plaintiff(s), | ) ) | Case No. 2:13-cv-01641-LDG-NJK |
| vs. | ) ) | **ORDER** |
| STEVE F. HILTS and DIANA HILTS, | ) ) | |
| Defendant(s). | ) ) ) | |

    Before the Court is Plaintiffs' Motion for Extension of Time to Serve Diana Hilts with Service of Process and Serve Such Process by Publication. Docket No. 7. The Court finds that a hearing on this matter is unnecessary. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED in part and DENIED in part**.

## BACKGROUND

    On September 9, 2013, Plaintiff filed the Complaint in this matter asserting that Defendants have no insurance coverage for an event that occurred at or near the premises at 900 West Warm Springs Road, Suite 109, Henderson, Nevada 89011. Docket No. 1. According to the Complaint, on September 12, 2011, Michelle Kim, while exiting her business premises, encountered Defendants' dog, who allegedly charged her, tackled her to the ground and bit her hand. *Id*. Ms. Kim has since initiated a separate lawsuit against Steve Hilts alleging severe and permanent personal injuries, physical and mental disabilities, and other damages. *Id*. As a result of that lawsuit, Steve Hilts

tendered a claim for defense and indemnity under the universal policy he holds with Plaintiff. *Id*. Plaintiff filed the instant lawsuit seeking a declaration that Defendants have no coverage for the September 12, 2011, incident. *Id*.

Plaintiff personally served Defendant Steve Hilts with the Summons and Complaint on September 30, 2013. Docket No. 6. Plaintiff has not, however, been able to complete service on Defendant Diana Hilts. Docket No. 7, at 2. Plaintiff first attempted service at 711 Greenway Road, Henderson, Nevada 89002. *Id*. After searching the Clark County Assessor's Office, it was discovered that Steve and Diana Hilts sold the 711 Greenway residence in March 2013, and neither of the Hilts resided at the Greenway residence. *Id*. A search of the Clark Country District Court, Family Division, revealed that on September 8, 2013, Diana Hilts, in a divorce filing, gave a residential address on Inca Street, in Sand Valley, Nevada. *Id.* On October 4, 2013, Plaintiff attempted service at the Inca Street address. *Id*. Upon attempting service, however, the process server noted that the property was surrounded by a locked, chain-link fence, the abode was 60-70 yards off the street, and, therefore, efforts to access the residence failed. *Id*. Therefore, Plaintiff asserts, it has been denied access to the premises, making proper physical delivery to Diana Hilts at her place of residence impossible. *Id*.

Plaintiff has conducted additional database searches, including restricted access databases, Clark County public records searches, a Justice Court record search, and a search of the Nevada Department of Motor Vehicles. *Id*. Those searches did not provide any additional residential or business address information. *Id*. Plaintiff does not know of a business address or agent who can accept service on behalf of Diana Hilts. *Id*.

## DISCUSSION

**A.     Extending Service Period**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days after a complaint is filed. Fed.R.Civ.P. 4(m). The rule also provides that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time....If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "As a general matter, a showing

of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monroe*, 2011 WL 383807, *1 (D. Nev. Feb. 2, 2011); *citing e.g., Martin v. Longbeach*, 246 F .3d 674 (9th Cir.2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir .1992) (overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*; *Martin*, 246 F.3d at 674.

Here, Plaintiff has diligently attempted to serve Defendant Diana Hilts and, to date, has been unable to complete service due, in part, to the locked chain-link fence that surrounds Ms. Hilts' alleged residence. Plaintiff states that it believes Ms. Hilts has been willfully evading service. This case involves insurance coverage for a separate lawsuit and Defendants will not be prejudiced by a minimal extension of time. Therefore, the Court finds that good cause exists to extend the time for service. Plaintiff requests an additional 120 days to complete service. In light of the forgoing facts and Plaintiff's efforts to serve Ms. Hilts, the Court grants a 60-day extension.

**B.     Service by Publication**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." *Id*. In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. *Nat'l Union Fire,* 2011 WL 383807. Parties are required to personally serve, however, a summons and the complaint upon defendants. When personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id*. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at

his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; *citing Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *rev'd on other grounds*, *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3 (2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786-7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105. The *Price* court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

On the other hand, in *Abreu*, the Nevada Supreme Court determined that plaintiff exercised due diligence in attempting service and could resort to service by publication. 985 P.2d at 747. There, the plaintiff had attempted to serve the defendant at his possible address on three occasions and had consulted telephone company directories to locate the defendant. *Id*. By contrast, in *McNair*, the Nevada Supreme Court held that the plaintiff's seven attempts to serve the defendant at defendant's residence did not meet the due diligence standard. 874 P.2d at 1241. Plaintiff also tried to serve the defendant at a court hearing but was unsuccessful because the defendant failed to appear. *Id*. The court ruled that, because plaintiff only attempted to serve defendant once during the second extension of time to effect service, service by publication was not warranted. *Id*.

Here, Plaintiff appears to have identified Ms. Hilts' address, but has only made one attempt to serve her at that address. That one attempt was abandoned after 30 minutes because the address was surrounded by a chain-link fence and no one came to investigate when the process server sounded his horn. It does not appear, however, that any effort was made to notify Ms. Hilts of the attempted service. The process server did not leave notice at the address indicating that he was attempting service, nor did he try on more than one occasion. It is highly possible that no one was home at the time the process server arrived.

. . .

Further, there is no indication that Plaintiffs have consulted with any of Ms. Hilts' family members or her ex-husband and co-defendant, Mr. Hilts, about when and where it may be able to locate her. Presumably, Ms. Hilts or another resident of the Inca Street address must leave the premise at some time, providing Plaintiff an opportunity to complete service. Finally, Plaintiff asserts that it believes that Ms. Hilts is evading service; however, it has provided no evidence to support this claim. The mere fact that Ms. Hilts allegedly lives behind a chain-link fence and may not have been home on one occasion, does not show that she is evading service. Accordingly, the Court finds that service by publication is not proper at this time.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Extension of Time to Serve Diana Hilts with Service of Process and Serve Such Process by Publication, Docket No. 7, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's request for an extension of time to serve the summons and complaint is GRANTED in part. Plaintiff shall have an additional 60 days to complete service.

IT IS FURTHER ORDERED that Plaintiff's request for service by publication is DENIED without prejudice.

DATED: December 17, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge