1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9
10

UNIVERSAL NORTH AMERICA INSURANCE ) 
COMPANY,                          )
11                                )
                Plaintiff(s),     )        Case No. 2:13-cv-01641-LDG-NJK
12                                )
                                  )
vs.                               )        **ORDER**
13                                )
                                  )
STEVE F. HILTS and DIANA HILTS,   )
14                                )
                Defendant(s).     )
15                                )
                                  )
16 ─────────────────────────────────)

        Before the Court is Plaintiffs' Motion for Extension of Time to Serve Diana Hilts with
17
Service of Process and Serve Such Process by Publication. Docket No. 16. The Court finds that a
18
hearing on this matter is unnecessary.  *See* Local Rule 78-2.  For the reasons discussed below, the
19
motion is hereby **GRANTED**.
20
                                **BACKGROUND**
21
        On September 9, 2013, Plaintiff filed the Complaint in this matter asserting that Defendants
22
have no insurance coverage for an event that occurred at or near the premises at 900 West Warm
23
Springs Road, Suite 109, Henderson, Nevada 89011. Docket No. 1. According to the Complaint, on
24
September 12, 2011, Michelle Kim, while exiting her business premises, encountered Defendants'
25
dog, who allegedly charged her, tackled her to the ground and bit her hand. *Id*. Ms. Kim has since
26
initiated a separate lawsuit against Steve Hilts alleging severe and permanent personal injuries,
27
physical and mental disabilities, and other damages. *Id*. As a result of that lawsuit, Steve Hilts
28

1   tendered a claim for defense and indemnity under the universal policy he holds with Plaintiff. *Id*.

2   Plaintiff filed the instant lawsuit seeking a declaration that Defendants have no coverage for the

3   September 12, 2011, incident. *Id*.

4       Plaintiff personally served Defendant Steve Hilts with the Summons and Complaint on

5   September 30, 2013. Docket No. 6. Plaintiff has not, however, been able to complete service on

6   Defendant Diana Hilts. Docket No. 16, at 3.

7       Plaintiff first attempted service on Defendant Diana Hilts at 711 Greenway Road, Henderson,

8   Nevada 89002. *Id*.  After searching the Clark County Assessor's Office, it was discovered that Steve

9   and Diana Hilts sold the 711 Greenway residence in March 2013, and neither of the Hilts resided at

10  the Greenway residence. *Id*.  A search of the Clark Country District Court, Family Division, revealed

11  that on September 8, 2013, Diana Hilts, in a divorce filing, gave a residential address on Inca Street,

12  in Sand Valley, Nevada. *Id*. On October 4, 2013, Plaintiff attempted service at the Inca Street

13  address. *Id*. Upon attempting service, however, the process server noted that the property was

14  surrounded by a locked, chain-link fence, the abode was 60-70 yards off the street, and, therefore,

15  efforts to access the residence failed. *Id*. Thereafter, Plaintiff conducted additional database searches,

16  including restricted access databases, Clark County public records searches, a Justice Court record

17  search, and a search of the Nevada Department of Motor Vehicles. *Id*.  Those searches did not

18  provide any additional residential or business address information. *Id*.  Plaintiff does not know of a

19  business address or agent who can accept service on behalf of Diana Hilts. *Id*.

20      On December 16, 2013, Plaintiff filed its first motion for service by publication and motion

21  to extend time to serve Defendant Diana Hilts. Docket No. 7. The Court granted a 60-day extension

22  for service, but denied the request for service by publication. Docket No. 8. The Court reasoned that

23  Plaintiff had only made one attempt to serve Ms. Hilts at the Inca Street address and further, her ex-

24  husband and co-defendant, Mr. Hilts, had not been consulted about when and where it may be able

25  to locate her. *Id*.

26      On March 3, 2014, Plaintiff filed the instant motion again seeking to serve Ms. Hilts by

27  publication. Docket No. 16. Plaintiff has made three additional attempts to serve Ms. Hilts at the

28  Inca Street address, has consulted Mr. Hilts who allegedly has no contact with Ms. Hilts, and has

searched several databases in an attempt to locate Ms. Hilts. *Id*. All attempts to serve Ms. Hilts were unsuccessful. *Id*. Accordingly, Plaintiff seeks to serve Ms. Hilts by publication. *Id*.

### DISCUSSION

**A.    Extending Service Period**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days after a complaint is filed. Fed.R.Civ.P. 4(m). The rule also provides that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time....If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monroe*, 2011 WL 383807, *1 (D. Nev. Feb. 2, 2011); *citing e.g., Martin v. Longbeach*, 246 F .3d 674 (9th Cir.2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir .1992) (overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*; *Martin*, 246 F.3d at 674.

Here, Plaintiff has diligently attempted to serve Defendant Diana Hilts and, to date, has been unable to complete service due, in part, to the locked chain-link fence that surrounds Ms. Hilts' alleged residence. Plaintiff states that it believes Ms. Hilts has been willfully evading service.  This case involves insurance coverage for a separate lawsuit and Defendants will not be prejudiced by a minimal extension of time. Therefore, the Court finds that good cause exists to extend the time for service. Plaintiff requests an additional 120 days to complete service. In light of the foregoing facts and Plaintiff's efforts to serve Ms. Hilts, the Court grants the requested extension.

**B.    Service by Publication**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected."  *Id*.  In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP")

governs service of parties under state law. *Nat'l Union Fire,* 2011 WL 383807. Parties are required to personally serve, however, a summons and the complaint upon defendants. When personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication where the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id*. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; *citing Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *rev'd on other grounds*, *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3 (2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, Plaintiff appears to have identified Ms. Hilts' address and has made four attempts to serve her at that address. Plaintiff also inquired with Mr. Hilts and represents that he no longer has contact with Ms. Hilts. Further, Plaintiff has searched numerous databases in an attempt to locate Ms. Hilts, but has been unsuccessful. It is apparent that Plaintiff's process server has made a good faith effort to locate Defendant Ms. Hilts without success and, therefore, may resort to service by publication.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that  Plaintiffs' Motion for Extension of Time to Serve Diana Hilts with Service of Process and Serve Such Process by Publication, Docket No. 16, is GRANTED.

DATED: March 4, 2014.

NANCY J. KOPPE
United States Magistrate Judge

4