# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>STEVE F. HILTS and DIANA HILTS; DOES 1 through 10; and ROES 1 through 10,<br><br>　　　Defendants. | Case No. 2:13-cv-01641-LDG-NJK<br><br>**ORDER** |

　　　On September 12, 2011, the defendant, Steve Hilts, took his dog to work. As he was leaving work, the dog broke away from its leash and bit the hand of Michelle Kim. Kim, who is not a party in the instant action, subsequently sued Hilts in state court.[1] Hilts, who was insured by the plaintiff, Universal North America Insurance Company ("UNAIC"), filed a claim seeking its intervention in the suit. While Hilts's insurance agreement included general provisions for UNAIC to hire counsel to defend Hilts against legal suits, and to pay the medical bills of individuals involved in those suits, it also included various exclusions

---

[1] See Case No. A-11-649324-C.

limiting UNAIC's obligation to engage in such actions.  On August 6, 2013, UNAIC declined to defend Hilts in the action or compensate Kim for any medical expenses.  UNAIC subsequently filed the instant complaint, seeking a declaratory judgment affirming its decision to deny coverage.  UNAIC now moves for summary judgment on its complaint (#20).  For the reasons stated below, the Court will grant the plaintiff's motion.

Standard of Review

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim.  *Anderson*, 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Of course, a party seeking summary judgment always bears the initial responsibility of

2

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. P. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. P. 56(e)).

Analysis

When analyzing the language of an insurance policy, the contract "should be interpreted broadly, affording the greatest possible coverage to the insured." *Farmers Ins.*

*Group v. Stonik*, 110 Nev. 64, 67 (1994) (citing *Harvey's Wagon Wheel v. MacSween*, 96 Nev. 215, 219-20 (1980). The terms of the policy "should be viewed in their plain, ordinary and popular connotations." *Am. Excess Ins. Co. V. MGM Grand Hotels, Inc.*, 102 Nev. 601, 604 (1986) (citing *National Union Fire Ins. v. Reno's Exec. Air*, 100 Nev. 360 (1984). However, where the terms of the policy "[were] intentionally and unambiguously limited by the parties," courts "will not increase [the insurer's] obligation to the insured." *Farmers Ins. Group v. Stonik*, 110 Nev. 64, 67 (1994) (citing *Senteney v. Fire Ins. Exchange,* 101 Nev. 654, 707 (1985). "[I]f an insurer wishes to exclude coverage by virtue of an exclusion in its policy, it must (1) write the exclusion in obvious and unambiguous language in the policy, (2) establish that the interpretation excluding covering under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish that the exclusion clearly applies to this particular case." *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 14, 252 P.3d 668, 674 (2011).

In the instant case, Hilts obtained an insurance policy from UNAIC for the purpose of insuring a rental property he owned. The form contract also included a series of addendums that alter the meaning of various provisions within the policy. The standard contract includes, among others, a section entitled PERSONAL LIABILITY (#21, Exhibit C, 21). Within this section, there are a series of six sub-sections: Agreement, Definitions, Liability Coverages, Exclusions, Additional Coverages and Conditions (#21, Exhibit C, 21, 23, 26, and 27). The following provisions, contained in the Liability Coverages sub-section, are at issue in the instant complaint:

> LIABILITY COVERAGES
>
> A. Coverage L - Personal Liability
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

    2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment.

B. Coverage M - Medical Payments To Others
We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury".  Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.  This coverage does not apply to you or regular residents of your household except "residence employees".  As to others, this coverage applies only:
1. To a person on the "insured location" with the permission of an "insured"; or
2. To a person off the "insured location", if the "bodily injury":
   a. Arises out of a condition on the "insured location" or the ways immediately adjoining;
   b. Is caused by the activities of an "insured";
   c. Is caused by a "residence employee" in the course of the "residence employee's" employment by an "insured"; or
   d. Is caused by an animal owned by or in the care of an "insured"
(#21, Exhibit C, 23).

Following the text of the form contract, a series of addenda made changes to the policy terms.  The first addendum included the heading :"THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY," followed by the text:

LIABILITY COVERAGES
Coverage L - Personal Liability and Coverage M - Medical Payments To Others will apply only with respect to "bodily injury" and "property damage" that arise out of the ownership, upkeep, occupancy, whether by the insured or a tenant, and/or use of the premises
(#21, Exhibit C, 29).

Therefore, while the standard language covers incidents which occur both on and off the "insured location," the subsequent exclusion limits the policy coverage to incidents that "arise out of" the "premises."  In the instant case, the "insured location" refers to Hilts's rental property, while the dog bite at issue in the complaint occurred at Hilts's place of employment.  UNAIC therefore argues that the dog bite falls within the exclusion, and that UNAIC was justified in denying Hilts's claim.

5

Hilts argues that UNAIC has failed to demonstrate the applicability of the exclusion. First, he argues that the language is not unambiguous, because the language of the policy and the language of the exclusion are "inherently and directly contradictory" (#22, 9:5-6). He argues that this contradiction "can reasonably be interpreted only as a gross ambiguity" (#22, 9:15). The Court disagrees. Although the law requires courts to carefully review insurance policy exclusions, it does not prohibit them. By their very nature, such exclusions will contradict statements made elsewhere in the contract; that is their purpose. That the contract and the exclusion are contradictory does not, in and of itself, demonstrate that the contract and the exclusion are ambiguous, let alone "a gross ambiguity." In the instant case, the exclusion is not ambiguous. The exclusion alters the terms of the policy, and states the way in which it alters the policy. Therefore, the Court finds that UNAIC has successfully established that the exclusion is in obvious and unambiguous language.

Hilts next argues that the terms of the exclusion could be interpreted in various ways, and must therefore be deemed unenforceable (#22, 10-11). Hilts's argument relies on two cases, from the Missouri Court of Appeals and the South Carolina Court of Appeals, which held that the phrase "arises out of" was ambiguous, and therefore that the policy must be interpreted broadly, in favor of the insured. *Lititz Mut. Ins. Co. v. Branch*, 561 S.W.2d 371 (1977); *South Carolina Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group*, 347 S.C. 333 (2000). While the factual events in each of those cases is remarkably similar to the facts at hand - each involved dog bites occurring at the plaintiffs' places of work - the insurance policies contain fundamentally different language, and therefore the reasoning of those courts is inapplicable to the instant case. In each of those cases, the insurance companies sought to deny liability because their policies contained exclusions for incidents that "[arose] out of" premises other than the insured locations. The courts held that the dog bites did not 'arise out of' the other premises, but 'arose out of' the

6

plaintiffs' personal tortious conduct. Since the bites did not arise out of the other, non-insured premises, the exclusion was inapplicable.

Here, by contrast, the insurance policy covers *only* occurrences "arising out of" the insured premises, rather than *excluding* occurrences "arising out of" other premises. Following the reasoning of the cases cited by Hilts, a dog bite arises out of personal conduct rather than out of a location. Since the policy, under the exclsion, covers only those occurrences which arise out of the specified location, and since the dog bite occurred at a separate location, and arose out of Hilts's personal tortious conduct at that location, UNAIC has established the second element.

Given the "plain, ordinary and popular connotation" of the exclusion, it is clear that it applies to the instant case. The dog bite occurred away from the insured location. The exclusion exempts UNAIC from covering occurrences other than those arising out of "the ownership, upkeep, [or] occupancy . . . of the premises." UNAIC has therefore met its burden of establishing all three elements, and the Court will grant its motion for summary judgment.

Therefore, for good cause shown,

THE COURT **ORDERS** that the Plaintiff's Motion for Summary Judgment (#20) is GRANTED.

DATED this ____ day of August, 2014.

Lloyd D. George
United States District Judge

7